UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAHOM HAFTOM BERHE,<br><br>                                    Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; TODD BLANCHE, Acting Attorney General; TODD M. LYONS, Acting Director, Immigration and Customs Enforcement; JESUS ROCHA, Acting Field Office Director, San Diego Field Office; JEREMY CASEY, Warden at Imperial Regional Detention Center,<br><br>                                    Respondents. | Case No.: 3:26-cv-2828-JES-VET<br><br>**ORDER:**<br><br>**(1) GRANTING EX PARTE MOTION FOR EXTENSION OF TIME TO FILE SUPPLEMENTAL BRIEF [ECF No. 10];**<br><br>**(2) DENYING AS MOOT MOTION TO VACATE ORDER TO SHOW CAUSE; and** [ECF No. 6]<br><br>**(3) REQUIRING RESPONDENTS FILE STATUS REPORT [ECF No. 1]** |

Before the Court is Petitioner Nahom Haftom Berhe's Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241 ("Petition"). ECF No. 1, ("Pet."). Pursuant to the Court's Order to Show Cause, Respondents (the "Government") filed a Response on May

//

1

11, 2026. ECF No. 4. Petitioner then filed a Traverse on May 13, 2026. ECF No. 5, ("Trav.").

On May 6, 2026, after the Court took the matter under submission, Respondents filed a Motion to Vacate the Court's May 6, 2026, Order to Show Cause ("Motion"). ECF No. 6. On May 19, 2026, the Court set a briefing schedule for the Motion. ECF No. 7. On May 21, 2026, Petitioner filed a brief in Opposition. ECF No. 8. Respondents elected not to file an optional reply brief. *See* ECF No. 7.

Finding that the parties' submissions lacked the requisite information for it to adequately rule on the Motion, the Court ordered Respondents to file supplemental briefing no later than May 27, 2026. ECF No. 9. On May 27, 2026, Respondents filed an Ex Parte Motion for Extension of Time to File the Supplemental Brief ordered by the Court. ECF No. 10. Additional time, just one day, was necessary for Respondents to obtain a supplemental declaration and information from an Immigration and Customs Enforcement ("ICE") official. *Id.*

Respondents filed the Supplemental Brief prior to the requested deadline. ECF No. 11. Good cause appearing, the Court **GRANTS** Respondents' Ex Parte Motion for Extension of Time to File the Supplemental Brief. ECF No. 10. Accordingly, the Court will consider the supplemental briefing's contents when ruling on the Motion.

The Court addresses the pending Motion and Petition below.

## I.    BACKGROUND

Petitioner, a native and citizen of Ethiopia, entered the United States in April 2016 on a valid nonimmigrant visa. ECF No. 1-2, ("Berhe Dec."), ¶ 1 Within six months of his arrival, he applied for asylum based on a fear of persecution on account of his sexual orientation. *Id*. On May 31, 2025, Petitioner was arrested in Texas on a charge of driving under the influence and was subsequently transferred to immigration custody. *Id.* ¶ 2. Petitioner is currently being held at the Imperial Regional Detention Facility. Berhe Dec. at 3; ECF No. 4-1, ("Olvera Decl."), ¶ 2

//

On December 19, 2025, an immigration judge denied Petitioner's claims for asylum and adjustment of status, ordered him removed, but also granted him withholding of removal, to Ethiopia, under INA § 241(b)(3)/8 C.F.R. § 208.16. ECF No. 4-4 at 1. Neither party appealed, thus, the order became administratively final on January 20, 2026. Olvera Decl. ¶ 9. Petitioner's 90-day removal period, accordingly, expired on April 20, 2026. *See* 8 U.S.C. §§ 1231(a)(1)(B)(i), 1231(a)(1)(C).

Petitioner argues that, to date, the Government has failed to identify a third country that might take him. Berhe Dec. ¶ 6. Accordingly, he seeks habeas relief from the Court and requests: (1) immediate release under *Zadvydas*; and (2) an injunction against removal to a third country without adequate due process. Pet. at 15-16; *Zadvydas v. Davis*, 533 U.S. 678 (2001).

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

//

//

//

//

3:26-cv-2828-JES-VET

### III.    DISCUSSION

In its Response to the Petition, the Government argues that: Petitioner's claim is jurisdictionally barred by 8 U.S.C. § 1252; his detention is legally authorized under 8 U.S.C. § 1231(a); and his asserted contentions fail to make the requisite showing to rebut *Zadvydas'* presumptively reasonable period of detention. Res. at 3-7. Thus, the Court should deny the Petition.

### A.    Jurisdiction

This issue was addressed by the undersigned in *Saengphet v. Noem, et al.*, No. 25-cv-2909-JES-BLM, 2025 WL 3240808, at *2-3 (S.D. Cal. Nov. 20, 2025). The Court, therefore, adopts its reasoning as to this issue and incorporates it by reference. *See also Martinez Lopez v. Noem et al.*, No. 25-cv-2717-JES-AHG, 2025 WL 3030457, at *2-3 (S.D. Cal. Oct. 30, 2025) (holding same).

Accordingly, the Court finds that 8 U.S.C. § 1252's jurisdiction stripping provisions do not bar this Court from considering Petitioner's habeas petition. Thus, the Court has jurisdiction over this action.

### B.    Petitioner's Prayer for Injunctive Relief

In his Prayer for Relief, Petitioner specifically requests that the Court enjoin Respondents from removing him to a third country "unless they provide" written notice in a language he can understand, a meaningful opportunity of at least ten days to raise a fear-based claim for CAT protection, a motion to reopen if reasonable fear is found, and a minimum of fifteen days to seek reopening if it is not. Pet. at 15. This request is directly implicated by disclosures made in the Government's declaration, and tracks with relief granted by other courts in this district. *See Giebashvili v. Noem*, No. 25-cv-3432-BJC-VET, 2026 WL 114422, at *4 (S.D. Cal. Jan. 15, 2026). Thus, the Court must adjudicate the issue squarely before it.

Petitioner argues due process requires notice and an opportunity to be heard before removal to a third country, and that the current ICE policies—reflected in the March 30,

//

3:26-cv-2828-JES-VET

2025, and July 9, 2025, memos—do not adhere to these requirements. Pet. at 14-15; *see* ECF No. 1-3; *see* ECF No. 11-2.

These policies set forth that a noncitizen "may be removed without the need for further [due process] procedures" if: (1) the United States has received diplomatic assurances from the target third country of removal that noncitizens who are removed to that country, will not be persecuted or tortured; and (2) the Department of State finds those assurances to be credible. ECF No. 11-2 at 2. Where no such assurances exist, ICE "will not affirmatively ask whether the alien is afraid of being removed to the country of removal," and may execute removal in as little as six hours in exigent circumstances. ECF No. 1-3 at 1–2. Several courts within the Ninth Circuit have held that these policies violate due process. *See e.g., Lapshin v. Bondi*, No. C25-2245-KKE, 2026 WL 71407, at *5 (W.D. Wash. Jan. 9, 2026); *Elshourbagy v. Bondi*, No. 2:25-CV-02432-TL, 2025 WL 3718993, at *8 (W.D. Wash. Dec. 23, 2025); *Escobar v. Chestnut*, No. 1:25-CV-01801-DJC-EFB, 2025 WL 3687639, at *4 (E.D. Cal. Dec. 19, 2025); *Azzo v. Noem*, No. 3:25-CV-03122-RBM-BJW, 2025 WL 3535208, at *7 (S.D. Cal. Dec. 10, 2025); *Vishal v. Chestnut*, No. 1:25-CV-01727-KES, 2025 WL 3511815, at *6 (E.D. Cal. Dec. 8, 2025); *Kumar v. Wamsley*, No. C25-2055-KKE, 2025 WL 3204724, at *6 (W.D. Wash. Nov. 17, 2025); *Vu v. Noem*, No. 1:25-CV-01366-KES-SKO, 2025 WL 3114341, at *9 (E.D. Cal. Nov. 6, 2025); *Esmail v. Noem*, No. 2:25-CV-08325-WLH-RAO, 2025 WL 3030589, at *6 (C.D. Cal. Sept. 26, 2025). This Court agrees.

The Ninth Circuit has held that "last minute orders of removal to a country may violate due process if an immigrant was not provided an opportunity to address his fear of persecution in that country." *Najjar v. Lynch*, 630 F. App'x 724 (9th Cir. 2016). Additionally, where no assurances exist, ICE officers "will not affirmatively ask whether the alien is afraid of being removed to that country." However, "[f]ailing to notify individuals who are subject to deportation that they have the right to apply for asylum … and for withholding of deportation to the country to which they will be deported violates" regulations and due process. *Andriasian v. INS*, 180 F.3d 1033, 1041 (9th Cir. 1999).

3:26-cv-2828-JES-VET

Here, the Government's supplemental declaration confirms that it accepted Cameroon's agreement to receive Petitioner on May 14, 2026, and planned to execute his removal to Cameroon, on or about May 26, 2026. ECF No. 6-1 ("Cam Decl.") ¶¶ 4–5. The supplemental declaration further establishes that, in accordance with ICE's March 30th Memo, the Government gave Petitioner no notice of the intended country to which it planned to remove him to, no opportunity to consult with counsel, to investigate any conditions in Cameroon, or to assert a fear-based claim. *Id*. ¶ 6.

Petitioner was granted withholding of removal to Ethiopia based on the IJ's finding that Petitioner is more likely than not to face persecution due to his sexual orientation. ECF No. 4-4 at 2; ECF No. 1-2 ("Berhe Decl.") ¶¶ 1-3. Therefore, he has the right to assert those same grounds with respect to any proposed country of removal. Based on the foregoing, the Court **ORDERS** Respondents enjoined from removing Petitioner to Cameroon or any other third country without following the procedures stated in Section IV. *See Giebashvili v. Noem*, No. 25-cv-3432-BJC-VET, 2026 WL 114422, at *3–4 (S.D. Cal. Jan. 15, 2026).

## C. Respondents' Motion to Vacate

The Government moves to vacate the Court's May 26, 2026, Order to Show Cause because, it contends that, its supplemental declaration establishes that Petitioner's detention remains lawful and his removal is imminent. ECF No. 11 at 1; *see* Cam Decl. ¶¶ 4-6. In light of the Court's findings that the Government's March 30, 2025; and July 9, 2025, memos are unlawful and that injunctive relief is warranted (i.e., enjoining the Government from removing him to a third country without first adhering to the specified due process protections), the Motion to Vacate is **DENIED AS MOOT**.

## D. Petitioner's Zadvydas Claim

Petitioner argues that his continued detention violates *Zadvydas* and 8 U.S.C. § 1231. Pet. at 2; 533 U.S. at 678. Specifically, Petitioner contends that more than six months have passed since his removal order became final. ECF No. 1 at 11. Further, Petitioner argues that historical data, the withholding order barring removal to Ethiopia, and his circumstances of having no status in any other country, establish that there is no significant

likelihood of removal in the reasonably foreseeable future. *Id.* at 13–15; Trav. at 2–3. Respondents argue they are working diligently to effectuate Petitioner's removal to a third country and that Petitioner's detention remains presumptively reasonable. Res. at 3–5.

8 U.S.C. § 1231 provides that noncitizens, subject to a final order of removal, must be detained during the 90-day removal period. 8 U.S.C. § 1231(a)(1)(A). Beyond that period, detention is permissible only "for a period reasonably necessary to bring about the alien's removal" and does not permit indefinite detention. *Zadvydas*, 533 U.S. at 689. Six months after the final order constitutes a "presumptively reasonable period of detention." *Id.* at 701.

"This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*. But "[a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. The "good reason to believe" standard is not a very high bar as "[a] petitioner need not establish that there exists no possibility of removal." *Freeman v. Watkins*, No. CV B:09-160, 2009 WL 10714999, at *3 (S.D. Tex. Dec. 22, 2009).

Removing individuals who have received withholding of removal to a third country is exceedingly rare. *Johnson v. Guzman-Chavez*, 594 U.S. 523, 537 (2021) (recognizing that "alternative-country removal is rare."). Between 2020 and 2023, ICE has removed only five noncitizens, that were granted withholding or CAT relief, to alternative countries, nationwide. *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 398 (D.N.J. 2025).

Here, Petitioner's removal order became final on January 20, 2026, and the 90-day removal period expired on April 20, 2026. Olvera Decl. ¶ 9. This means the earliest Petitioner's presumptively reasonable period of detention could end, is on July 20, 2026. Res. at 5; *see Zadvydas*, 533 U.S. at 701.

//

3:26-cv-2828-JES-VET

ICE did not begin seeking a third country for more than a month after the withholding order issued, until January 22, 2026. Olvera Decl. ¶ 10. As of March 24, 2026, HQ- Removal and International Operations could report only that it was "actively working" on the matter, without identifying any candidate country. Olvera Decl. ¶¶ 11–12.

In January 2026, Petitioner claims an ICE officer told him that he had never seen an Ethiopian removed to a third country. Berhe Decl. ¶ 4. While the Government's Response failed to address this claim, Cameroon's acceptance of Petitioner certainly cut against the notion that the third-country removal of an Ethiopian is impossible. *See generally* Res.; Cam Decl. ¶ 4. However, removal to Cameroon is now barred, absent compliance with the due process procedures ordered above. Stated another way, a removal that cannot lawfully be effectuated, is not significantly likely to occur in the reasonably foreseeable future. Cam Decl. ¶ 4; *see Zadvydas*, 533 U.S. at 701.

Under these circumstances, the Court finds that Petitioner has demonstrated good reason to believe there is no significant likelihood of his removal in the reasonably foreseeable future. Respondents' assertion that removal is "significantly likely," offers no factual foundation and does not satisfy their rebuttal burden. *See* Olvera Decl. ¶ 13. The Court, therefore, holds that the burden now shifts to the Government to respond. *Zadvydas*, 533 U.S. at 701.

Accordingly, the Court **ORDERS** Respondents to **FILE** a Status Report by **July 20, 2026**, which shall contain sufficient information and evidence to rebut Petitioner's assertions. Specifically, whether there is a significant likelihood of Petitioner's removal to a third country, in the reasonably foreseeable future.

## IV.    CONCLUSION

For the reasons stated above, the Court **ORDERS** the following:

(1)    Respondents' Ex Parte Motion for Extension of Time to File Supplemental Brief is **GRANTED;**

(2)    Respondents' Motion to Vacate Court's Order to Show Cause is **DENIED AS MOOT**

3:26-cv-2828-JES-VET

(3) Respondents are **ENJOINED** from removing Petitioner to Cameroon, or any other third country, without **COMPLYING** with the following procedures:

    a.    Respondents must provide written notice to Petitioner and Petitioner's counsel, in a language Petitioner understands, identifying the intended country of removal;

    b.    Petitioner must be afforded a minimum of ten (10) days to raise a fear-based claim for protection under the Convention Against Torture prior to removal;

    c.    If Petitioner demonstrates a reasonable fear of removal to the designated country, Respondents must move to reopen Petitioner's immigration proceedings; and

    d.    If Petitioner is not found to have demonstrated a reasonable fear of removal to the designated country, Respondents must provide a meaningful opportunity, and a minimum of fifteen (15) days, for Petitioner to seek reopening of his immigration proceedings.

(4) Respondents are **ORDERED** to **FILE** a Status Report by **July 20, 2026**, containing sufficient information and evidence to determine whether there is a significant likelihood of Petitioner's removal to a third country, in the reasonably foreseeable future.

**IT IS SO ORDERED.**

Dated: June 8, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge