UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

NAHOM HAFTOM BERHE,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; TODD BLANCHE, Acting Attorney General; TODD M. LYONS, Acting Director, Immigration and Customs Enforcement; JESUS ROCHA, Acting Field Office Director, San Diego Field Office; JEREMY CASEY, Warden at Imperial Regional Detention Center,

Respondents.

Case No.: 3:26-cv-2828-JES-VET

**ORDER:**

**(1) DENYING RESPONDENTS' REQUEST TO RECONSIDER;**

**(2) GRANTING MOTION TO ENFORCE ORDER ENJOINING PETITIONER'S THIRD COUNTRY REMOVAL; and**

**(3) GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF Nos. 1, 13, 14]**

Before the Court is Petitioner Nahom Haftom Berhe's (1) Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241 ("Petition"), and (2) Motion to Enforce Order Enjoining Petitioner's Removal & Immediate Release ("Motion"). ECF Nos. 1 ("Pet."), 14 ("Mot."). Pursuant to the Court's Order (ECF No. 12), Respondents (the "Government") filed a Status Report and supplemental declaration. ECF No. 13. The Court has reviewed

the Status Report, the Second Declaration of Vu Cam, and the Motion. ECF No. 13; ECF No. 13-1, ("Cam Decl."); Mot. For the reasons set forth below, the Court **GRANTS** the Motion and the Petition.

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## II. DISCUSSION

### A. Respondents' Status Report

In the Status Report, Respondents inform the Court that Immigration and Customs Enforcement ("ICE") no longer intends to remove Petitioner to Cameroon. ECF No. 13 at 1. Instead, it intends to remove Petitioner to the Central African Republic ("CAR") on or about July 30, 2026. Cam Decl. ¶ 8. Respondents represent that on April 4, 2026, the CAR provided diplomatic assurances that noncitizens removed to the CAR, pursuant to a bilateral arrangement with the United States, will not be subjected to persecution or torture, nor in any country to which the CAR may further transfer them. *Id.* ¶ 5.

On May 4, 2026, the Department of State determined those assurances to be credible and reliable. *Id.* The CAR has accepted Petitioner for removal pursuant to that arrangement, and his placement on a charter flight manifest serves as his travel document. *Id.* ¶¶ 6–7.

ICE further represents that it will follow the March 30, 2025, DHS memorandum ("March 30 Memo") to effectuate Petitioner's removal. *Id.* ¶ 9.

Respondents acknowledge that this Court previously found the March 30 Memo unlawful and ordered due process procedures before any third-country removal. ECF No. 13 at 2; *see also* ECF No. 12. Respondents nonetheless ask the Court to reconsider that order, arguing that Petitioner's claims are subsumed within the class action in *D.V.D. v. Department of Homeland Security*, 778 F. Supp. 3d 335 (D. Mass. 2025), and that the First Circuit's stay of that injunction pending appeal, *D.V.D. v. DHS*, No. 26-1212 (1st Cir. Mar. 16, 2026), forecloses independent individual relief here. ECF No. 13 at 2–3.

**B. Respondents' Reconsideration Request Is Denied and Remain Enjoined**

Reconsideration is warranted only upon a showing of "newly discovered evidence or intervening change in the controlling law," or to correct "clear error or prevent manifest injustice." *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Respondents have presented neither.

Respondents' sole basis for reconsideration is that the First Circuit has stayed the class-wide injunction in *D.V.D.* pending appeal. ECF No. 13 at 2–3. That stay is not controlling authority in this circuit and provides no basis to revisit this Court's independent constitutional analysis. Moreover, Respondents have presented no new law or facts bearing on the constitutional analysis this Court already conducted. The legal landscape governing due process in third-country removal proceedings has not changed: courts in this district and throughout the Ninth Circuit continue to hold, as they did when this Court issued its prior order, that the March 30 Memo's diplomatic-assurances exception violates due process. *See, e.g., Giebashvili v. Noem*, No. 25-cv-3432-BJC-VET, 2026 WL 114422, at *3–4 (S.D. Cal. Jan. 15, 2026); *Lapshin v. Bondi*, No. C25-2245-KKE, 2026 WL 71407, at *5 (W.D. Wash. Jan. 9, 2026). The mere substitution of the CAR for Cameroon as the proposed country of removal does not alter the constitutional analysis.

//

//

The Court's prior Order accordingly stands. Respondents remain enjoined from removing Petitioner to the CAR—*or any other third country*—without first complying with the due process procedures set forth therein.

**C. Respondents Have Failed to Rebut Petitioner's *Zadvydas* Showing**

As this Court previously found, Petitioner has demonstrated good reason to believe there is no significant likelihood of his removal in the reasonably foreseeable future. ECF No. 12. The burden, accordingly, shifted to the Government to respond with evidence sufficient to rebut that showing. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

Respondents have not met that burden. The Status Report discloses that ICE intends to remove Petitioner to the CAR on or about July 30, 2026, using the same March 30 Memo procedures this Court has already found unlawful. ECF No. 13-1, Cam Decl. ¶¶ 8–9. Because any removal to the CAR, under those procedures is enjoined, it cannot constitute a "significant likelihood of removal" for *Zadvydas* purposes. 533 U.S. at 701. A removal that cannot lawfully be effectuated does not demonstrate a significant likelihood of removal in the reasonably foreseeable future. *Cf. Id*. at 701–02.

Critically, Respondents acknowledge this inevitable conclusion as well. The Status Report expressly states that, to the extent the Court is not inclined to reconsider its prior Order, "the government acknowledges that Respondents are unable to demonstrate a significant likelihood of removing Petitioner to a third country in the reasonably foreseeable future." ECF No. 13 at 3. That concession is dispositive and, therefore, entitles Petitioner to immediate release.

As the Court has declined to reverse its prior Order, Respondents—admittedly—fail to demonstrate a significant likelihood of Petitioner's lawful removal. *Id.* The Court, accordingly, finds that Petitioner's continued detention is no longer authorized by statute. *Zadvydas*, 533 U.S. at 699–700.

//

//

//

## III. CONCLUSION

For the reasons stated above, the Court **ORDERS** the following:

(1) The Court **GRANTS** Petitioner's Motion to Enforce the Court's Order Enjoining Respondents from Removing Petitioner to a Third Country absent due process. *See* ECF No. 12. For the sake of clarity, the Court restates its Order. Respondents are **ENJOINED AND RESTRAINED** from removing Petitioner to the Central African Republic, or any other third country, without first complying with the following procedures:

a. Respondents must provide written notice to Petitioner and Petitioner's counsel, in a language Petitioner understands, identifying the intended country of removal;

b. Petitioner must be afforded a minimum of ten (10) days to raise a fear-based claim for protection under the Convention Against Torture prior to removal;

c. If Petitioner demonstrates a reasonable fear of removal to the designated country, Respondents must move to reopen Petitioner's immigration proceedings; and

d. If Petitioner is not found to have demonstrated a reasonable fear of removal to the designated country, Respondents must provide a meaningful opportunity, and a minimum of fifteen (15) days, for Petitioner to seek reopening of his immigration proceedings;

(2) The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is **GRANTED;**

(3) Respondents are **ORDERED** to **<u>IMMEDIATELY</u>** release Petitioner from custody, subject to any preexisting conditions that were imposed prior to his current detention;

(4) Respondents are **ENJOINED AND RESTRAINED** from re-arresting or re-detaining Petitioner under 8 U.S.C. § 1231(a)(6) unless and until

Respondents obtain a lawful travel document authorizing Petitioner's removal and demonstrate compliance with all applicable constitutional and statutory requirements.

(5) Respondents are **ORDERED** to file a Status Report on or before July 31, 2026, confirming that Petitioner has been released; and

(6) The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: July 29, 2026

Honorable James E. Simmons Jr.
United States District Judge